**SCHNEBERG LAW PC**
Kyle P. Schneberg, SBN 239325
2916 W. 164th St.
Torrance, CA 90504
T: (310) 359-9090
service@schneberglaw.com

**BOHRER & LUKEMAN, PLLC**
Abram I. Bohrer, NY SBN 2447530
5 Columbus Circle, Suite 1501
New York, New York 10019
T: (212) 406-4232
*Forthcoming Pro Hac Vice Application*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RYAN SIZEMORE, <br><br> Plaintiff, <br><br> vs. <br><br> KOREAN AIR LINES CO. LTD, <br><br> Defendant | Case No.: 2:25-cv-3600 <br><br> **COMPLAINT AND JURY TRIAL DEMAND** |

The Plaintiff, RYAN SIZEMORE, by his attorneys, SCHNEBERG LAW PC, and BOHRER & LUKEMAN, PLLC, as and for his complaint against the Defendant, KOREAN AIR LINES CO. LTD ("Defendant"), alleges the following upon information and belief:

## **THE PARTIES**

1. Plaintiff RYAN SIZEMORE is a resident of the State of California.

2.     At all times mentioned herein, Defendant KOREAN AIR LINES, CO. LTD. (Hereinafter "KAL") is a foreign corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located therein.

3.     At all times mentioned herein, Defendant KAL is registered with the Secretary of State of California under Entity (File) No. 2219811 and is authorized to do business in California with a principal executive office at 900 WILSHIRE BLVD. SUITE 2900 LOS ANGELES, CA90017.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter known as "the Montreal Convention").

5.     In personam jurisdiction is proper in this district insofar as in or about January 10, 2024, Defendant, a common carrier of passengers by air, operated daily international commercial passenger airline flights to and from the State of California, one of which gives rise to the cause of action herein.

6.     At all material times, Defendant KOREAN AIR LINES, CO. LTD (Hereinafter KAL), was present in and conducted substantial business operations in the State of California, including through the sale and operation of flights on its own aircraft, code share flights, interline flights and sales of tickets to customers located in California, all directly and indirectly, for international carriage.

7.     Alternatively, personal jurisdiction over Defendant KAL is appropriate under Fed.

R. Civ. P. Rule 4(k)(2) as this matter arises under federal law, that is, a multilateral treaty obligation to which the United States is a signatory, and KAL, a Korean company with its principal place of business in the Republic of Korea, is not subject to jurisdiction in any state courts of general jurisdiction.

8. Exercise of personal jurisdiction under Fed. R. Civ. P. Rule 4(k)(2) as to KAL is consistent with due process, in particular, the Fifth Amendment to the United States Constitution, as KAL has sufficient minimum contacts with the United States as a whole in that it purposefully avails itself of the American market by each or all of the following:

    a. Operates in the United States under the authority of a Foreign Air Carrier Permit (as amended) issued by the United States Department of Transportation;

    b. Directly operates multiple daily flights on its own aircraft to and from the United States including California's Los Angeles International Airport (LAX);

    c. Transports thousands of passengers daily by way of air travel aboard its own aircraft to and from the State of California;

    d. Engages in the direct sales of airline ticket to U.S. citizens and residents in the United States through its website,

    e. Engages in the direct and indirect sale of airline tickets to U.S. citizens and residents through code sharing, interlining and other agreements.

    f. Employs flight and administrative individuals in the United States and the State of California;

   f. Owns and/or leases real property in the United States including non-airport offices in the State of California;

   g. Transacts business daily including but not limited to the purchase of aviation fuel, passenger meals, and other flight related items in the State of California totaling in the tens of millions of dollars annually;

   h. Maintains cargo offices in the State of California which ship and receive freight daily totaling in the tens of millions of dollars annually,

9. Plaintiff's claims arise out of KAL's contacts with the United States as it was the actual carrier that transported Plaintiff, and the accident — the subject matter of this lawsuit — occurred while Plaintiff was en route from the State of California.

10. Exercise of personal jurisdiction over KAL is fair and reasonable based upon the facts alleged above and further because KAL has availed itself of the federal courts on prior occasions in the United States and has a strong interest in enforcing its treaty obligations, especially with respect to its own citizens, such as Plaintiff.

11. Venue is proper in this forum pursuant to 28 U.S.C. Sec.1391 insofar as the cause of action giving rise to this filing arises out of injuries suffered aboard a commercial airline flight which originated from within this judicial district.

**STATEMENT OF FACTS**

12. On or about January 10-11, 2024, at or near the time of the events complained of herein, Defendant KAL was a common carrier engaged in the business of transporting passengers for hire by air.

13. On or about January 10-11, 2024, in furtherance of its business as a common

carrier of passengers by air, Defendant operated daily regularly scheduled commercial airline flights to and from Los Angeles International Airport, Los Angeles, California (LAX).

14. On or about January 10-11, 2024, in furtherance of its business as an international common carrier of passengers by air, Defendant maintained employees, agents, servants and contractors in the State of California.

15. On or about January 10-11, 2024, in furtherance of its business as a common carrier of passengers by air, Defendant conducted regular and continuous flight and ground operations in the State of California including but not limited to employing ticket, gate and customer service agents, the purchase of jet fuel, passenger meals and drinks, and requisite aircraft maintenance.

16. On or about January 10-11, 2024, in furtherance of its business as a common carrier of passengers by air, Defendant staffed and maintained a ticket counter at LAX airport.

17. On or about January 10-11, 2024, in furtherance of its business as a common carrier of passengers by air, Defendant derived revenue from business transactions within the State of California by selling tickets for travel by air aboard its aircraft and airline.

18. On or about January 10-11, 2024, in furtherance of its business as common carriers of passengers by air, defendant leased and operated office space in the State of California.

19. On or about January 10-11, 2024 Defendant was present and doing business in the State of California.

20. On or about January 10-11, 2024, Defendant operated and controlled a certain jet aircraft designated as Korean Air Lines Flight KE 018 from LAX to Incheon International Airport (ICN) in Seoul, Republic of Korea. ("the subject flight").

21. On or about January 10-11, 2024, Plaintiff was a fare-paying passenger lawfully aboard the subject flight which departed LAX on January 10, 2024.

22. On or about January 10-11, 2024, and for some time prior thereto, Defendant owned, serviced, maintained, repaired, operated, and/or otherwise controlled the aircraft.

23. On or about January 10-11, 2024, while seated aboard the aircraft on the subject flight, Plaintiff was injured as the result of an accident.

24. Specifically, during the course of the subject flight and while Plaintiff was seated, he was injured as the result of contact with scalding hot liquid.

25. Plaintiff's contact with scalding liquid and resulting injuries were caused by the negligent, careless and/or reckless actions of one or more Defendant's employees, agents and/or servants.

26. Plaintiff's injuries resulted from an accident as set forth in Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by his internal reaction to the normal operation of the aircraft.

27. Following the accident, Defendant's flight crew failed to contact a ground-based telemedicine provider.

28. Following the accident Defendant failed to provide proper medical attention or properly treat Plaintiff's injuries.

29. Following the accident, Defendant rendered improper medical attention to the Plaintiff which further aggravated his injuries.

30. As a result of said accident, Plaintiff was injured.

31. As a result of said accident, Plaintiff was seriously injured.

32. As a result of said accident, Plaintiff was permanently injured.

33. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, loss of function, loss of sensation, permanent scarring and/or skin discoloration, and in the future shall continue to suffer from same.

34. As a result of said accident, Plaintiff suffered economic loss and, in the future, shall continue to suffer from same.

35. As a result of said accident, Plaintiff was forced to undergo medical treatment, and incurred medical bills and expenses for said treatment.

36. As a result of said accident, Plaintiff will be forced to undergo future medical treatment and will incur medical bills and expenses for said treatment.

37. As a result of said accident, Plaintiff was deprived of his enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

38. As a result of the foregoing, the Defendant is liable to pay full, fair, and reasonable damages to the Plaintiff pursuant to the Montreal Convention.

39. Pursuant to Article 21 of the Montreal Conventions, Defendant cannot meet its burden of proving that the negligence of its agents, servants, employees and/or contractors did not cause or contribute to the accident and the resulting injuries to Plaintiff.

40. Pursuant to Article 21 of the Montreal Convention, Defendant cannot meet its burden of proving that the injuries suffered by the Plaintiff were caused solely by the acts of third parties who were not agents of the Defendant.

///

**WHEREFORE**, Plaintiff RYAN SIZEMORE, demands judgment against KOREAN AIR LINES, CO. LTD., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: April 23, 2025                                  SCHNEBERG LAW P.C.

                                            */s/ Kyle P. Schneberg*
                                  By:_____
                                       Kyle P. Schneberg, Esq.
                                       2916 W. 164th St.
                                       Torrance, CA 90504
                                       (310) 359-9090


                                   BOHRER & LUKEMAN, PLLC.



                                  By:_____
                                     Abram I. Bohrer, Esq.
                                     5 Columbus Circle, Suite 1501
                                     New York, New York 10019
                                     (212) 406-4232
                                     *Forthcoming Pro Hac Vice Application*
                                     *Attorneys for Plaintiff*